UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY J. LEE,<br><br>        Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>        Respondent. | CASE NO. 3:24-cv-05523-JNW-SKV<br><br>ORDER RESOLVING R&R AND ORDER TO SHOW CAUSE |

## 1. INTRODUCTION

The Report and Recommendation (R&R) by U.S. Magistrate Judge S. Kate Vaughan, Dkt. No. 10, is before the Court, as are the Petitioner's timely objections, Dkt. No. 12. The R&R recommends dismissing this case without prejudice sua sponte for obvious defects in the petition. Dkt. No. 10. Specifically, Petitioner Larry J. Lee filed his habeas petition under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, even though he challenges a state-court conviction. *See* Dkt. No. 1-1. Based on its de novo review of the R&R, the objections, and the remainder of the record, the Court OVERRULES Lee's objections, Dkt. No. 12, and ADOPTS the R&R IN PART, as discussed below.

ORDER RESOLVING R&R AND ORDER TO SHOW CAUSE - 1

# 2.  DISCUSSION

**2.1  Petitioner's objections are overruled.**

First, the Court considers Petitioner's objections to the R&R, ruling as follows:

| OBJECTION | RULING |
|---|---|
| **Objection No. 1:** "The magistrate violates 28 U.S.C. § 636(b) and Habeas Rule 4 and 8(b) by recharacterizing Petitioner's Habeas Corpus [petition] as a 28 U.S.C. §2254." | **Overruled.** The Court did not erroneously recharacterize Petitioner's habeas petition. Binding precedent requires Petitioner to pursue his claim under 28 U.S.C. § 2254. |
| **Objection No. 2:** Petitioner objects to the entire Magistrate's Report and Recommendation. | **Overruled as vague**. Objections must be specific to an issue in the R&R. |
| **Objection No. 3:** "The Report and Recommendation failed to address Petitioner's affidavit in support of 28 U.S.C. § 2241." | **Overruled.** The Court did not fail to address Petitioner's affidavit. |
| **Objection No. 4:** "The Report and Recommendation failed to apply the retroactivity analysis pursuant to *Teague v. Lane*[.]" | **Overruled.** The issues addressed in the R&R have nothing to do with retroactivity or *Teague*. |
| **Objection No. 5:** "The Report and Recommendation failed to address, and the Magistrate failed/ refused to Order the respondent, to produce any record pursuant to Rule 5 of the Rules Governing Section 2254 for the District Court." | **Overruled.** The R&R was not required to address this issue. Further, Lee's request to produce the record is not ripe, as Defendants have not been served. |

| OBJECTION | RULING |
|---|---|
| **Objection No. 6:** "The Report and Recommendation failed to take Judicial Notice pursuant to the mandatory provision of section (d), nor was petitioner allowed to be heard pursuant to section (e)." | **Overruled.** Petitioner's Motion for Judicial Notice was not ripe at the time of the R&R. Further, the issues presented in that motion have no bearing on the R&R. |
| **Objection No. 7:** "The Report and Recommendation failed to address, and the Magistrate failed to order the respondent to produce a certified copy of [various records and documents]." | **Overruled.** The R&R did not address this issue, and any request to produce the record would not have been ripe, as Defendants have not been served. |
| **Objection No. 8:** "The Magistrate violated the Magistrate's Act by making a procedural defense lacking a record." | **Overruled.** See discussion below. |
| **Objection No. 9:** "The Report and Recommendation fails to address petition[er's] Motion for Stand-By Counsel." | **Overruled.** Petitioner does not explain how this objection relates to the R&R, nor does he cite support for the proposition that the Magistrate Judge was required to consider his Motion for Stand-By Counsel. |

**2.2   On de novo review, the Court adopts the R&R in part.**

Before a district court directs service of a habeas petition, "[it] may, sua sponte, raise the issue of procedural default when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'" *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir.1998)). But

"[a] district court's use of this summary dismissal power is not without limits." *Boyd*, 147 F.3d at 1128. "A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal." *Id.*

Lee's petition is deficient on its face. Lee challenges a Washington-state conviction. *See* Dkt. 1-1. Thus, Ninth Circuit precedent requires him to file his habeas petition under 28 U.S.C. § 2254. Dkt. No. 6 at 1 (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (holding "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")). Nevertheless, Lee filed his habeas petition under 28 U.S.C. § 2241 and refused to amend it when Judge Vaughan gave him the opportunity.

The Court finds that directing the U.S. Marshals to serve Defendants with the operative, defective petition would be a waste of judicial resources. *See Vang*, 329 F.3d at 1073. Further, allowing this defective petition to proceed would not aid in the resolution of Lee's actual habeas claims.

### 3.  CONCLUSION

Accordingly, the Court ORDERS:

- The R&R, Dkt. No. 10, is ADOPTED IN PART consistent with this Order.

- Lee's objections, stated in Dkt. No. 12, are OVERRULED.

- Lee must SHOW CAUSE no later than Friday, November 8, 2024, explaining why his petition should not be dismissed without prejudice. Specifically, he is to SHOW CAUSE as to why his habeas petition should proceed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. Alternatively, the Court affords Lee another opportunity to amend his Petition by November 8, 2024, *see* Dkt. No. 6-1 (amended petition form).
- Failure to show cause or amend by the deadline will result in the dismissal of this case without prejudice.

Dated this 11th day of October, 2024.

Jamal N. Whitehead
United States District Judge